UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

DAWN M. JOYNER, *Sui Juris*,

                    Plaintiff,

v.

ALSTON & BIRD LLP, RICHARD HAYS, individually,
CATHY BENTON, individually, MICHAEL STEPHENS,
individually, and LYNN NABORS, individually,

                    Defendants.

------------------------------------------------------------------------X

Civil Case No. 20-cv-_____

**COMPLAINT**

**PLAINTIFF DEMANDS A JURY TRIAL**

DAWN M. JOYNER ("Plaintiff") hereby complains of Defendants, ALSTON & BIRD LLP, RICHARD HAYS, CATHY BENTON, MICHAEL STEPHENS and LYNN NABORS (collectively, "Defendants"), jointly and severally, upon information and belief, as follows:

## NATURE OF CASE

1. Plaintiff complains, pursuant to 28 U.S.C. § 1331, that Defendants are in violation of the Privacy Act of 1974 (Pub. L. 93–579, 88 Stat. 1896, enacted December 31, 1974, as amended, 5 U.S.C. § 552a) ("Privacy Act") and is seeking damages to redress the injuries that Plaintiff has suffered as a result.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 1343 as this action involves a federal question regarding the violation of Plaintiff's rights under the Privacy Act.

3. Around March 24, 2020, Plaintiff filed a Charge with the United States Equal Employment Opportunity Commission ("EEOC"), New York District Office.

4. Around September 2, 2020, Plaintiff received a Notice of Right to Sue from the EEOC.

5. Plaintiff has satisfied all administrative prerequisites and is filing this case within ninety (90) days of receiving Notice of Right to Sue.

6. This Court has jurisdiction with respect to this action pursuant to 28 U.S.C. § 1332 as Plaintiff and Defendants are citizens of different states.

7. This Court has jurisdiction as the controversy exceeds the sum or value of Seventy-Five Thousand Dollars 00/100 ($75,000.00).

8. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this Court as a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this district.

## PARTIES

9. Plaintiff is a former worker at Defendant Alston & Bird LLP (hereinafter referred to as "A&B") and a resident of the State of New York.

10. At all times material, Defendant A&B employed Plaintiff as a Legal Administrative Assistant.

11. Upon information and belief, Defendant A&B is a Georgia Limited Liability Partnership with its principal place of business at 1201 West Peachtree Street, Atlanta, GA 30309, doing business in the State of New York.

12. Upon information and belief, Defendant RICHARD HAYS (hereinafter referred to as "HAYS") is a United States citizen domiciled in the State of Georgia.

13. At all times material, Defendant HAYS was and is the Managing Partner/Chairman of Defendant A&B.

14. Upon information and belief, Defendant CATHY BENTON (hereinafter referred to as "BENTON") is a United States citizen domiciled in the State of Georgia.

15. At all times material, Defendant BENTON was and is the Chief Human Resources Officer of Defendant A&B.

16. At all times material, Defendant BENTON had supervisory authority over Plaintiff with regard to her employment.

17. Upon information and belief, Defendant MICHAEL STEPHENS (hereinafter referred to as "STEPHENS") is a United States citizen domiciled in the State of Georgia.

18. At all times material, Defendant STEPHENS was and is Director of Human Resources and Diversity of Defendant A&B.

19. At all times material, Defendant STEPHENS had supervisory authority over Plaintiff with regard to her employment.

20. Upon information and belief, Defendant LYNN NABORS (hereinafter referred to as "NABORS") is domiciled in the State of Georgia.

21. At all times material, Defendant NABORS was and is the Payroll Manager of Defendant A&B.

## STATEMENT OF FACTS

22. Plaintiff is not an elected or appointed federal public official or contractor engaged in a privileged "trade or business".

23. Plaintiff did not knowingly, voluntarily, or intentionally enter an agreement on November 12, 2007 with the Internal Revenue Service ("IRS") via "Employee's Withholding Allowance Certificate" (OMB 1545-0074). ("Form W-4")

24. Plaintiff was not aware on November 12, 2007 that Form W-4 is a "Voluntary withholding agreement".

25. Plaintiff did not sign Form W-4 "*to the best of my knowledge and belief*" as the true nature of the agreement was not fully disclosed to her by Defendant A&B.

26. Plaintiff did not knowingly, voluntarily, or intentionally engage, consent to and/or authorize Defendant A&B to act as withholding agent to withhold taxes and remit withholdings to the IRS on Plaintiff's behalf.[1]

27. Plaintiff did not knowingly, voluntarily or intentionally authorize Defendant A&B to secure Plaintiff's personal Social Security Number ("SSN") for any other purpose than proving Plaintiff's eligibility to work.

28. Plaintiff did not knowingly, voluntarily or intentionally authorize Defendant A&B to secure Plaintiff's personal SSN for the purpose of withholding taxes and remitting withholdings to the IRS on Plaintiff's behalf.

29. On April 17, 2019, Plaintiff submitted a request to the Human Resources Payroll Department of Defendant A&B ("Payroll") initially, to revise Form W-4.

---

[1] "*Party cannot be bound by contract that he has not made or authorized.*" Alexander v. Bosworth (1915), 26 C.A. 589, 599, 147 P.607

30. Plaintiff's submission was rejected by Payroll.[2]

31. On April 23, 2019, Defendant NABORS explained to Plaintiff that "[a]s an employer, we employee you, not your Trust, therefore *we must submit all wages and withholdings under your name and social security number*." [Emphasis added]

32. On April 23, 2019, Plaintiff, in response to Defendant NABORS' correspondence, indicated that she was in the process of withdrawing her SSN and reiterated her request for Defendant A&B to pay her through her Employer Identification Number ("EIN").

33. On April 25, 2019, after consulting with several tax and employee benefit attorneys about Plaintiff's request, Defendant NABORS explained that "[w]e are an employer that employs you as an employee. We do not employ the trust. As an employer, *we are required* to pay your wage, withhold taxes, and remit wages and taxes to the appropriate agencies." [Emphasis added]

34. Defendant NABORS also explained to Plaintiff that *the IRS had advised* that (1) Plaintiff could not withdraw her SSN unless she went into the witness protection program or was deceased; and (2) *the Firm should continue to pay, withhold, and remit tax withholdings* under Plaintiff's personal SSN. [Emphasis added]

35. Plaintiff's decision to withdraw, rescind, and/or return her SSN is none of Defendants A&B and NABORS concern.

36. On April 30, 2019, Plaintiff submitted a signed written notice to Payroll with the subject line "Termination of Voluntary Withholding Agreement".

---

[2] *"…the withholding party is not responsible for misstatements made on form (W-4 or equivalent) by an owner of income and hence would not be liable for tax which should have been withheld. Defendants manifest courtesy as to whether the plaintiff would pay tax … but this is none of their concern." Holmstrom v. PPG Industries,* 514 F. Supp. 552, 554 DC WD Pa 1981 *Also see: Murray v. City of Charleston,* 96 U.S. 432 (1877)

37. In said notice, Plaintiff expressed her desire to terminate any and all W-4 contracts, effective immediately.

38. There was never any legal or lawful basis or authorization for withholding by Defendant A&B but as of April 30, 2019, upon receipt of Plaintiff's signed written notice, Defendants A&B and NABORS violated Plaintiff's rights by continuing to withhold.

39. Plaintiff's decision to terminate the voluntary withholding agreement was ignored.

40. Plaintiff's decision to terminate the voluntary withholding agreement is none of Defendants A&B and NABORS concern.

41. On May 13, 2019, Defendant STEPHENS met with Plaintiff to reiterate Defendant A&B's position and then followed up with the following email: "Thank you for your time this afternoon. To confirm our phone conversation today with Elena Hegel, I informed you we cannot consider your requests listed below. You are an employee of Alston & Bird and as such, *we are required* to issue payments to you and report those wages *as required by the IRS* with a Form W-2. I also informed you we consider this matter closed." [Emphasis added]

42. On May 14, 2019, Defendant BENTON informed Plaintiff that, "[w]e are not going to engage back and forth about *the Firm's tax withholding obligations*." [Emphasis added]

43. On June 24, 2019, Plaintiff was forced to resign due to Defendant A&B's failure to accommodate her request which impeded Plaintiff's ability to handle her private affairs in her own way.

44. Defendant A&B is a private sector entity.[3]

45. Defendant A&B is a not a government contractor.

---

[3] *"A private person cannot make constitutions or laws, nor can he with authority construe them, nor can he administer or execute them." United States v. Harris,* 106 U.S. 629 1 S. Ct. 601, 27 L. Ed. 290 (1883)

46. Defendant A&B has no legal or lawful basis or authorization to contract with the IRS on behalf of the Plaintiff.[4]

47. Defendant A&B has no legal or lawful basis or authorization to secure Plaintiff's SSN as a condition of employment.

48. Defendant A&B has no legal or lawful basis or authorization to secure Plaintiff's SSN for the purpose of withholding taxes and remitting withholdings to the IRS.

49. Defendant A&B has no legal or lawful basis or authorization to enter into and enforce payroll federal deduction agreements.

50. Defendant A&B has no legal or lawful basis or authorization to enter into and enforce payroll federal deduction agreements on behalf of Plaintiff.

51. Defendant A&B has no legal or lawful basis or authorization to act as a duly authorized or delegated "tax collector" under the Internal Revenue Code ("IRC").

52. Defendant A&B has no legal or lawful basis or authorization to act as a duly authorized or delegated "assessment officer" under the IRC.

53. Defendant A&B has no legal or lawful basis or authorization to act as a duly authorized "Withholding Agent" to withhold from Plaintiff's pay or remuneration under the IRC.

### CAUSE OF ACTION
### Violation of Privacy under PRIVACY ACT OF 1974
*Against All Defendants*

54. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

---

[4] *"Anyone entering into an arrangement with the government takes the risk of having accurately ascertained that he who purports to act for the government stays within the bounds of his authority." Federal Crop Insurance v. Merrill,* 33 US 380 AT 384 (1947)

55. Defendant A&B violated Plaintiff's right to privacy when, with no legal or lawful basis or authorization, Defendant A&B, operating as a government contractor, introduced Form W-4, a contract between Plaintiff and a government agency, the IRS, to Plaintiff during orientation.

56. Defendant A&B violated Plaintiff's right to privacy when Defendant A&B failed to disclose to Plaintiff during orientation that Form W-4 is, in fact, a "voluntary" withholding agreement pursuant to 26 CFR § 31.3402(p)-1.

57. Defendant A&B violated Plaintiff's right to privacy when, by failing to disclose the true nature of said contract to Plaintiff, Defendant A&B denied Plaintiff the right to choose how to handle Plaintiff's private affairs and whether to disclose Plaintiff's private information.

58. Defendant A&B violated Plaintiff's right to privacy when, with no legal or lawful basis or authorization, Defendant A&B, operating as a government contractor, deceived Plaintiff to believe that Form W-4, a contract between Plaintiff and a government agency, the IRS, was a requirement for Plaintiff's employment at A&B, though Defendant A&B made no such mention in Plaintiff's employment contract.

59. Defendant A&B violated Plaintiff's right to privacy when Defendant A&B caused Plaintiff to disclose her SSN without informing Plaintiff whether Defendant's request to disclose SSN was mandatory or voluntary pursuant to 31 C.F.R. § 1.32(c)(1).

60. Defendant A&B violated Plaintiff's right to privacy when, with no legal or lawful basis or authorization, Defendant A&B, operating as a government contractor, deceived Plaintiff into disclosing her SSN under the pretense that such disclosure of Plaintiff's private information was mandatory for the purpose of proving Plaintiff's eligibility to work.

61. Defendant A&B violated Plaintiff's right to privacy when, with no legal or lawful basis or authorization, Defendant A&B, operating as a government contractor, deceived Plaintiff into disclosing her SSN on Form W-4 under the pretense that such disclosure of Plaintiff's private information was mandatory for the purpose of withholding taxes and remitting withholdings to the IRS on Plaintiff's behalf from November 12, 2007 to July 4, 2019, without Plaintiff's voluntary consent and/or express authorization to Defendant A&B.

62. Defendant A&B violated Plaintiff's right to privacy when, with no legal or lawful basis or authorization, Defendant A&B, operating as a government contractor, illegally and unlawfully secured Plaintiff's SSN on Form W-4 for the purpose of withholding taxes and remitting withholdings to the IRS on Plaintiff's behalf from November 12, 2007 to July 4, 2019, without Plaintiff's voluntary consent and/or express authorization to Defendant A&B.

63. Defendant A&B violated Plaintiff's right to privacy when, with no legal or lawful basis or authorization, Defendant A&B, operating as a government contractor, intercepted Plaintiff's compensation from November 12, 2007 to July 4, 2019, without Plaintiff's voluntary consent and/or express authorization to Defendant A&B.

64. Defendant A&B violated Plaintiff's right to privacy when, with no legal or lawful basis or authorization, Defendant A&B, operating as a government contractor, illegally and unlawfully withheld taxes and remitted withholdings to the IRS on Plaintiff's behalf from November 12, 2007 to July 4, 2019, without Plaintiff's voluntary consent and/or express authorization to Defendant A&B.

65. Defendants A&B and NABORS violated Plaintiff's right to privacy when, after consulting with several tax and employee benefit attorneys at A&B about Plaintiff's request, Defendants failed to disclose to Plaintiff that the "voluntary" withholding agreement could, in

fact, be terminated at any time by the worker or hiring entity pursuant to 26 CFR § 31.3402(p)-1(b)(2).

66. Defendants A&B and NABORS violated Plaintiff's right to privacy when, after consulting with several tax and employee benefit attorneys at A&B, Defendants deceived Plaintiff to believe that she could not terminate the "voluntary" withholding agreement or discontinue use of her SSN.

67. Defendants A&B and NABORS violated Plaintiff's right to privacy when, after consulting with several tax and employee benefit attorneys at A&B, Defendants failed to disclose to Plaintiff that Form SSA-521 (OMB No. 0960-0015) is the form to "Request for Withdrawal of Application" (without entering into a "witness protection program" or dying).

68. Defendant A&B violated Plaintiff's right to privacy when, without any legal or lawful basis or authorization, Defendant A&B, operating as a government contractor, refused to allow Plaintiff to discontinue use of her SSN thereby impeding her ability to handle her private affairs in her own way.

69. Defendant A&B violated Plaintiff's right to privacy when, without any legal or lawful basis or authorization, Defendant A&B, operating as a government contractor, refused to allow Plaintiff to replace her SSN with her EIN, a common practice in the United States, thereby impeding her ability to handle her private affairs in her own way.

70. Defendants A&B, BENTON, STEPHENS and NABORS violated Plaintiff's right to privacy when, where no lawful authority exists, Defendants, operating as government contractors, repeatedly communicated to Plaintiff what A&B was "*required*" to do and what "*the*

*Firm's tax obligations*" were, without providing Plaintiff with any legal or lawful basis or authorization to substantiate their claims ever after several requests were made by Plaintiff.[5]

71. Defendants A&B, BENTON, STEPHENS and NABORS violated Plaintiff's right to privacy when, with no legal or lawful basis or authorization, Defendants deemed Plaintiff incompetent thereby impeding her ability to handle her private affairs in her own way.[6]

72. Defendant A&B violated Plaintiff's right to privacy when, without any legal or lawful basis or authorization, Defendant A&B, having established that they are NOT a government contractor, operated as a government contractor, an intermediary between Plaintiff and a government agency, the IRS, without Plaintiff's voluntary consent and/or express authorization to Defendant A&B.

73. Defendant A&B violated Plaintiff's right to privacy when, without any legal or lawful basis or authorization, Defendant A&B, having established that they are NOT a government contractor, operate as if they are governed by the IRC, a government publication written expressly for government contractors.

74. Defendant A&B violated Plaintiff's right to privacy when, without any legal or lawful basis or authorization, Defendant A&B, having established that they are NOT a government contractor, operate as a duly authorized or delegated Federal "Withholding Agent"

---

[5] Legislative History of the Privacy Act excerpt from page 6963, requires the specific word mandatory. Agencies often use the word "required" to evade the law.

[6] *"There is a clear distinction in this particular case between an individual and a corporation, and that the latter has no right to refuse to submit its books and papers for examination at the suit of the State. <u>The individual may stand upon his constitutional rights as a citizen. He is entitled to carry on his private business in my own way. His power to contract is unlimited.</u> He owes no such duty to the State, since he receives nothing therefrom, beyond the protection of his life and property. His rights are such as existed by the law of the land long antecedent to the organization of the State, and can only be taken from him by due process of law. Among his rights are a refusal to incriminate himself, the immunity of himself and his property from arrest and seizure except under warrant of the law. He owes nothing to the public so long as he does not trespass on their rights." Hale v. Henkel,* 201 U.S. 43 (1906) [Emphasis added]

for a government agency, the IRS on behalf of the Plaintiff, without Plaintiff's voluntary consent and/or express authorization to Defendant A&B.

75. Defendant A&B violated Plaintiff's right to privacy when, without any legal or lawful basis or authorization, Defendant A&B, operating as a government contractor, filed Form 2678 with the IRS specific to Plaintiff, without Plaintiff's voluntary consent and/or express authorization to Defendant A&B.

76. Defendant A&B violated Plaintiff's right to privacy when, without any legal or lawful basis or authorization, Defendant A&B, operating as a government contractor, filed Form 8655 with the IRS specific to Plaintiff, without Plaintiff's voluntary consent and/or express authorization to Defendant A&B.

77. Defendant A&B violated Plaintiff's right to privacy when, without any legal or lawful basis or authorization, Defendant A&B, operating as a government contractor, entered into a Standard Agreement with the Secretary of the Treasury and Fiscal Assistant Secretary (or his delegates) specific to Plaintiff, pursuant to *31 CFR Subpart B-Standard Agreement 215.6*.

78. Defendant A&B violated Plaintiff's right to privacy when, without any legal or lawful basis or authorization, Defendant A&B, operating as a government contractor, entered into a *Section 218 Voluntary Agreement* for coverage of social security specific to Plaintiff, pursuant to 42 U.S.C. § 418.

79. Defendant A&B violated Plaintiff's right to privacy when, without any legal or lawful basis or authorization, Defendant A&B, as a private sector entity, executed laws against Plaintiff operating as a government contractor for a government agency, thereby impeding Plaintiff's ability to handle her private affairs in her own way.[7]

---

[7] *"A private person cannot make constitutions, nor can he with authority construe them, nor can he administer or execute them"*. United States v. Harris, 106 U.S. 629 1 S. Ct. 601, 27 L. Ed. 290 (1883)

80. Defendant A&B violated Plaintiff's right to privacy when, without any legal or lawful basis or authorization, Defendant A&B, as a private sector entity, unilaterally "elected" itself to be a government contractor for a government agency with regard to the private contract between Plaintiff and government agency, thereby impeding Plaintiff's ability to handle her private affairs in her own way.

81. Defendant A&B, with no legal or lawful basis or authorization, has violated my right to privacy by criminally impersonating a public officer in violation of 18 U.S.C. § 912, intercepting Plaintiff's compensation, operating as a government contractor – an unauthorized Withholding Agent for the IRS, interfering with Plaintiff's unlimited right to contract, thereby impeding Plaintiff's ability to handle her private affairs in her own way.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in her favor and against Defendants, containing the following relief:

A. An award of damages against Defendants in an amount not less than $1,000,000.00 to compensate Plaintiff for any and all monetary and/or economic damages suffered by Plaintiff, including, but not limited to, loss of income, wages, earned bonus pay, and other benefits of employment, jointly and severally;

B. An award of damages against Defendants to compensate Plaintiff for any and all non-monetary compensatory damages, including, but not limited to, mental and emotional distress in an amount to be determined at trial, jointly and severally;

C. An award of punitive damages, and all applicable penalties and/or liquidated damages in an amount to be determined at trial, jointly and severally;

  D. An award of costs that Plaintiff has incurred in this action, including, but not limited to, Plaintiff's reasonable attorneys' fees, costs and expenses to the fullest extent permitted by law, jointly and severally;

  E. Prejudgment interest at a rate of 6% on all amounts due; and

  Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

  Plaintiff demands a trial by jury on issue to be tried.

Dated: December 1, 2020          Respectfully submitted,
New York, New York

               By: /s/ Dawn M. Joyner
                 DAWN M. JOYNER, *Sui Juris*
                 c/o 343 Gold Street, #903
                 Brooklyn, New York 11201
                 dawn.joyner@me.com