UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAWN M. JOYNER, *Sui Juris*,

                        Plaintiff,

    -against-

ALSTON & BIRD LLP, RICHARD HAYS, individually, CATHY BENTON, individually, MICHAEL STEPHENS, individually, and LYNN NABORS, individually,

                        Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/21/2021
```

20 Civ. 10093 (AT) (GWG)

**<ins>ORDER</ins>**

ANALISA TORRES, District Judge:

    Plaintiff *pro se*, Dawn Joyner, brings this breach of contract action against Defendant, Alston & Bird LLP ("Alston & Bird"). First Amended Compl. ("FAC"), ECF No. 14. Before the Court is (1) the Honorable Gabriel W. Gorenstein's Report and Recommendation (the "R&R"), ECF No. 30, which recommends that the Court grant Defendant's motion to dismiss for lack of subject matter jurisdiction, to which Plaintiff has filed objections, Pl. Obj., ECF No. 33, and (2) Plaintiff's motion to file a second amended complaint, ECF No. 35. For the reasons stated below, the Court ADOPTS the R&R in its entirety, and DENIES Plaintiff's motion to amend.

## BACKGROUND[1]

    Plaintiff was employed by Alston & Bird as a "Legal Secretary / Legal Administrative Assistant," from November 12, 2007, through July 4, 2019. FAC ¶¶ 13, 18. On November 12, 2007, Plaintiff filled out a W-4 form. *Id.* ¶ 19. At some point thereafter, Alston & Bird began withholding taxes from Plaintiff's pay, continuing after Plaintiff submitted a written request to terminate the W-4 form. *Id.* ¶¶ 20–21.

    Plaintiff brought this action on December 2, 2020, alleging violations of 5 U.S.C. § 552a by

---

[1] The Court presumes familiarity with the facts and procedural history, which are set forth in the R&R, and, therefore, only briefly summarizes them here. *See* R&R at 2–3. The facts are taken from the FAC and the R&R.

Alston & Bird and four of its employees in connection with the firm's withholding of taxes from Plaintiff's salary, and invoking federal question jurisdiction under 28 U.S.C. § 1331. ECF No. 1. On January 7, 2021, Plaintiff filed the FAC, claiming only breach of contract against Alston & Bird, and alleging diversity jurisdiction under 28 U.S.C. § 1332. FAC ¶¶ 6, 7–8. On January 27, 2021, Alston & Bird moved to dismiss the FAC for lack of subject matter jurisdiction and failure to state a claim. ECF No. 20. On February 1, 2021, the Court referred the matter to Judge Gorenstein for a report and recommendation. ECF No. 24.

On May 27, 2021, Judge Gorenstein issued the R&R recommending dismissal under Federal Rule of Civil Procedure 12(b)(1) because neither diversity nor federal question jurisdiction is present. R&R at 6, 9. Plaintiff objects to the R&R. Pl. Obj.

On June 20, 2021, Plaintiff moved to file a second amended complaint to add two additional defendants, and to allege claims under 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), 42 U.S.C. § 2000e *et seq.*, and state law claims. ECF No. 35-1.

## DISCUSSION

I. Objections to the R&R

  A. Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the report and recommendation that have been properly objected to. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a party makes only conclusory or general objections, or simply reiterates his original arguments," the court reviews the report and recommendation strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Bailey v. U.S. Citizenship & Immigration Serv.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June

20, 2014) ("[O]bjections that are not clearly aimed at particular findings in the [report and recommendation] do not trigger *de novo* review."). An order is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quotation marks and citation omitted).

In addition, "new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Razzoli v. Fed. Bureau of Prisons*, No. 12 Civ. 3774, 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014). The court may adopt those portions of the report and recommendation to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (quotation marks and citation omitted).

B. Plaintiff's Objections

Judge Gorenstein recommends that the Court grant Alston & Bird's motion to dismiss for lack of subject matter jurisdiction. R&R at 1. Plaintiff objects only to Judge Gorenstein's conclusion that this Court lacks federal question jurisdiction over this matter, not his determination that no diversity jurisdiction is present. Pl. Obj. at 1.

Plaintiff first complains that the R&R "ignored" or overlooked Defendant's alleged violations of federal statutes underlying her breach of contract claim. Pl. Obj. at 2–3, 6. However, Plaintiff addressed these arguments in her opposition to the motion to dismiss, Pl. Opp'n to Mot. to Dismiss at 3–9, ECF No. 25-1, and Judge Gorenstein considered them in the R&R, R&R at 7. Therefore, the Court reviews this objection for clear error. *Wallace*, 2014 WL 2854631, at *1. Judge Gorenstein rejected Plaintiff's argument based on the well-pleaded complaint rule, which requires a federal question be "presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The FAC is clearly pointed at a breach of contract claim, and

although Plaintiff listed in her opposition a variety of federal statutes she believes Alston & Bird also violated, Pl. Opp'n to Mot. to Dismiss at 6–8, and refers to them in her objections, Pl. Obj. at 2–3, 6, these do not appear on the face of the complaint, *see* FAC.  Therefore, the Court does not find clear error.

Plaintiff next argues that her state claim "imposes federal liability." Pl. Obj. at 2–3.  Because this argument could have been raised to Judge Gorenstein, but was not, it is not properly deemed an objection. *Razzoli*, 2014 WL 2440771, at *5.[2]

Next, Plaintiff objects to the R&R's (1) characterizing her opposition as including "new allegations" when those ostensibly new allegations were "an exposition on the original allegations in the [c]omplaint," and (2) if Judge Gorenstein did consider the facts in her opposition new allegations or evidence, failing to take them into account in determining subject matter jurisdiction.  Pl. Obj. at 3–4.  Regardless of whether Judge Gorenstein considered the new information as included in the FAC or as extrinsic evidence which he could consider on a Rule 12(b)(1) motion, the R&R noted it, and determined that it did not alter the critical fact that the complaint does not allege a federal question. R&R at 7.  The Court agrees.  Plaintiff's statements in her affidavit opposing the motion to dismiss do not alter the FAC's essential nature of a contract claim.  *See* ECF No. 26.

Plaintiff makes a number of other objections that were addressed in her opposition to the motion to dismiss: (1) that any federal defenses posed are not valid because Defendant is a private

---

[2] To the extent Plaintiff relies on *Bright v. Bechtel Petroleum, Inc*., 780 F.2d 766 (9th Cir. 1986), for subject matter jurisdiction, this line of cases could have been but was not raised to Judge Gorenstein, and, therefore, "may not be deemed objections at all." *Razzoli*, 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014).  Moreover, if the Court were to accept subject matter jurisdiction by re-interpreting the complaint as "artfully pleading [the] action as a breach of contract," despite "in fact . . . challenging federal income tax withholding laws and regulations," as the Ninth Circuit did in *Bright*, 780 F.2d. at 769, the claim would be meritless and have to be dismissed under the Rule 12(b)(6) standard, *see, e.g.*, *Karas v. Katten Muchin Zavis Rosenman, a p'ship*, No. 04 Civ. 9570, 2006 WL 20507, at *4 (S.D.N.Y. Jan. 3, 2006) ("[C]ourts have consistently rejected plaintiffs' attempts to skirt the application of [the statute barring injunctions for collecting taxes, including by an employer's tax withholding,] by dressing up a challenge to tax withholdings as one for conversion or breach of contract against a former employer."), *aff'd sub nom. Karas v. Katten Muchin Rosenman LLP*, No. 07 Civ. 1545, 2009 WL 38898 (2d Cir. Jan. 8, 2009).

entity, Pl. Obj. at 7, Pl. Opp'n to Mot. to Dismiss at 5, (2) that if Alston & Bird invokes federal law as a defense, that amounts to a violation of federal law because federal law is inapplicable to a private employer, but if Alston & Bird does not use federal law as a defense, it is engaged in "extortion" and "grand theft," Pl. Obj. at 7, Pl. Opp'n to Mot. to Dismiss at 5, and (3) that the withholding of taxes creates a federal interest sufficient to create federal subject matter jurisdiction, Pl. Obj. at 4–5, Pl. Opp'n to Mot. to Dismiss at 9.  The Court reviews these objections for clear error, and finds none. *Wallace*, 2014 WL 2854631, at *1.  Federal law raised in defenses does not grant subject matter jurisdiction. *Atl. Richfield Co. v. Christian*, 140 S. Ct. 1335, 1350 n.4 (2020).  Moreover, it does not violate federal law to raise an inapplicable issue of federal law as a defense.  And, Plaintiff's vague allegations that Alston & Bird violated federal criminal statutes does not create a federal civil cause of action.  Nor does the Court does find clear error in Judge Gorenstein's well-reasoned conclusion that the allegations of Alston & Bird's misapplication of tax law were not "substantial" compared to Plaintiff's breach of contract allegations, and that the federal government does not have a special interest in resolving tax withholding issues subsidiary to a breach of contract claim—a claim with which state courts are very familiar. R&R at 8–9.

Finally, Plaintiff challenges Judge Gorenstein's impartiality, "in rendering its report based on Plaintiff's failure to prove diversity jurisdiction, yet failing to consider the violations of federal statutes that turn on an issue of federal law, even though she did not explicitly plead the federal question." Pl. Obj. at 2.  Judge Gorenstein considered Plaintiff's federal question jurisdiction argument despite her having only pleaded diversity jurisdiction, R&R at 7–9, and the Court sees no evidence of partiality.

Accordingly, Plaintiff's objections are OVERRULED.  The Court has reviewed the remainder of the R&R for clear error, and finds none.  Therefore, the motion to dismiss the FAC is GRANTED.  However, because the complaint is dismissed for lack of subject matter jurisdiction over the state law

claim, the dismissal is without prejudice to re-filing in state court. *See Ernst v. Gateway Plaza Mgmt. Corp.*, No. 11 Civ. 1169, 2012 WL 1438263, at *3 (S.D.N.Y. Apr. 25, 2012).

II. Motion to Amend

A. Legal Standard

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that courts "should freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). *Pro se* litigants "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim." *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000) (quoting *Satchell v. Dilworth*, 745 F.2d 781, 785 (2d Cir. 1984)). Under this liberal standard, a motion for leave to amend should be denied only if the moving party has unduly delayed or acted in bad faith, the opposing party will be unfairly prejudiced if leave is granted, or the proposed amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007); *see also Martin v. Dickson*, 100 Fed. App'x. 14, 16 (2d Cir. 2004) (summ. order). "Granting leave to amend is futile if it appears that plaintiff cannot address the deficiencies identified by the court and allege facts sufficient to support the claim." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 347 F. App'x 617, 622 (2d Cir. 2009). The futility of a proposed amendment is evaluated on a motion to dismiss standard. *See Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012). "Although Rule 21, and not Rule 15(a), normally governs the addition of new parties to an action," *FTD Corp. v. Banker's Tr. Co.*, 954 F. Supp. 106, 109 (S.D.N.Y. 1997), "the showing necessary under Rule 21 is the same as that required under Rule 15(a)," *Johnson v. Bryson*, 851 F. Supp. 2d 688, 703 (S.D.N.Y. 2012).

B. Analysis

Plaintiff seeks to amend the complaint by adding Cathy Benton and Michael Stephens as defendants, and asserting new claims against them and Alston & Bird. Pl. Mem. at 1, ECF No. 36.

Specifically, the proposed second amended complaint (the "Proposed SAC") alleges (1) that Alston & Bird deprived Plaintiff of her constitutional rights under 42 U.S.C. § 1983, (2) that Alston & Bird, Benton, and Stephens conspired to deprive her of her constitutional rights in violation of 42 U.S.C. § 1985(3), (3) fraudulent misrepresentation and concealment by Alston & Bird, (4) "[b]reach of [c]ontract [r]esulting [f]rom [v]iolation of 42 U.S.C. §§ 1983 and 1985(3)" by Alston & Bird, and (5) that Alston & Bird, Benton, and Stephens violated Title VII of the Civil Rights Act of 1964 by refusing to stop withholding taxes from her paycheck. Proposed SAC at 1–2, ¶¶ 36–130, ECF No. 35-1. Alston & Bird argues that these amendments are futile. Def. Mem. at 1, ECF No. 39. The Court agrees.

First, the Proposed SAC does not contain allegations which plausibly state § 1983 counts against Alston & Bird, Plaintiff's first and sixth causes of action. Plaintiff alleges Alston & Bird "fraudulently misrepresented and concealed Form W-4 as a mandatory requirement of her employment," "interfered with [her] right to consent (or not to consent)" by "refus[ing] to afford [her] the opportunity to voluntarily agree to such withholding or voluntarily elect to have sums withheld from her property," and violated her "right of privacy" by compelling her to disclose her social security number on her Form W-4, publishing her confidential financial information, and fraudulently filing tax documents. Proposed SAC ¶¶ 43–45. Courts have consistently held that an employer's "conduct in withholding taxes from plaintiff's wages pursuant to its statutory duties" does not violate § 1983, because the employer is not a state actor when complying with its federally mandated duty to withhold taxes—an essential element of a § 1983 claim. *See, e.g.*, *Bey v. United Parcel Serv., Inc.*, No. 11 Civ. 2993, 2012 WL 4328379, at *8 (E.D.N.Y. Sept. 20, 2012); *Jenkins v. Rockwell Int'l Corp.*, 595 F. Supp. 399, 401 (D. Nev. 1984).

Next, Plaintiff's proposed § 1985(3) claims against Alston & Bird, Benton, and Stephens— her second, third, and sixth causes of action—are similarly futile. To allege a claim under § 1985(3),

7

a plaintiff must show the existence of "(1) a conspiracy (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States." *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999). "[S]ome racial or perhaps otherwise class-based, invidious discriminatory animus [must be] behind the conspirators' action." *Id*. Plaintiff alleges the conspiracy was based on "the perception of Plaintiff's lack of credibility or ability as a non-lawyer—someone not in [Alston & Bird's] social class[.]" Proposed SAC ¶¶ 72, 89. Courts in this Circuit have declined to apply § 1985(3) claims to such "economic class[es]." *See Sullivan v. Stein*, No. 03 Civ. 1203, 2004 WL 1179351, at *4 (D. Conn. May 21, 2004); *Blankman v. Cnty. of Nassau*, 819 F. Supp. 198, 206 (E.D.N.Y.), *aff'd*, 14 F.3d 592 (2d Cir. 1993). Moreover, Plaintiff only conclusorily alleges that Alston & Bird, Benton, and Stephen's actions were based on discrimination against a non-lawyer class. *See* Proposed SAC ¶¶ 72–73, 89–90; *Sullivan*, 2004 WL 1179351, at *4. And, although Plaintiff alleges she is African-American and a woman, she does not allege any animus based on race or gender. Proposed SAC ¶ 22.

Although not pleading it separately, Plaintiff also seems to be asserting a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Proposed SAC at 1–2; Pl. Mem. at 4. To establish a *prima facie* claim under Title VII, a plaintiff must show "(1) membership in a protected class; (2) satisfactory job performance;" (3) adverse employment action; and (4) that the adverse employment action "occurred under circumstances giving rise to an inference of discrimination on the basis of the plaintiff's membership in that class." *Farias v. Instructional Sys., Inc.*, 259 F.3d 91, 98 (2d Cir. 2001). For the same reasons her § 1985(3) claims are futile, Plaintiff's Title VII claim is futile—an economic class is not a protected class under Title VII, and to the extent she is claiming racial or gender discrimination, she has not pleaded the necessary discriminatory intent. *See* 42

8

U.S.C. § 2000e-2(a) (prohibiting discrimination based on "[an] individual's race, color, religion, sex, or national origin"); *Mira v. Argus Media*, No. 15 Civ. 9990, 2017 WL 11604293, at *2 (S.D.N.Y. May 16, 2017) (denying leave to amend where plaintiff failed to allege "a causal connection between the alleged adverse action and her protected characteristic—... that she was terminated or subjected to a hostile work environment *because of* her sex or national origin" (emphasis in original)); *cf. Yisrael v. Per Scholas, Inc.*, No. 01 Civ. 8290, 2004 WL 744485, at *3 (S.D.N.Y. Apr. 7, 2004) (holding an employer's requiring tax withholding despite plaintiff's religious beliefs did not violate Title VII despite plaintiff's inclusion in a protected class).[3]

Finally, with all federal claims deemed futile, the Court declines to take supplemental jurisdiction over Plaintiff's fourth and fifth causes of action—state law claims of fraudulent misrepresentation and fraudulent concealment. *See Williams v. Columbia Univ.*, No. 11 Civ. 8621, 2012 WL 3879895, at *5 (S.D.N.Y. Aug. 28, 2012). For the same reasons, to the extent the sixth cause of action is styled as a breach of contract claim, the Court declines to take supplemental jurisdiction over it. *Id.*

Accordingly, Plaintiff's motion for leave to submit a second amended complaint is DENIED.

## CONCLUSION

For the reasons stated above, the Court ADOPTS the R&R in its entirety, and DISMISSES Plaintiff's state law claim without prejudice to re-filing in state court. Plaintiff's motion to amend is DENIED. The Clerk of Court is directed to terminate the motions at ECF Nos. 15, 20, and 35, and to

---

[3] To the extent Plaintiff intends to plead a retaliation claim under Title VII, she must show that: (1) she engaged in a protected activity by opposing a practice made unlawful by Title VII; (2) her employer was aware of that activity; (3) she suffered an adverse employment action; and (4) there was a causal connection between the protected activity and the adverse employment action. *Cretella v. Liriano*, 633 F. Supp. 2d 54, 74 (S.D.N.Y. 2009), *aff'd*, 370 Fed. App'x 157 (2d Cir. 2010). Plaintiff has not alleged any protected activity in the Proposed SAC, and, therefore, this claim would also be futile. *See Mira v. Argus Media*, No. 15 Civ. 9990, 2017 WL 11604293, at *2 (S.D.N.Y. May 16, 2017).

close the case.  The Clerk of Court is further directed to mail a copy of this order to Plaintiff *pro se*.

    SO ORDERED.

Dated: September 21, 2021
       New York, New York

                                                ANALISA TORRES
                                         United States District Judge